IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

RONALD D. BOUGHTON,

    Plaintiff,

vs.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.

Case No. 6:15-cv-02395-CL
**OPINION AND ORDER**

---

AIKEN, Judge:

On July 13, 2017, Magistrate Judge Clarke filed his Findings and Recommendation ("F&R") (doc. 14), recommending this Court affirm defendant's denial of Social Security benefits and dismiss plaintiff's complaint. The F&R is now before me pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. I review *de novo* those portions of the F&R to which objection is made. 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004).

The ALJ properly considered Dr. Scott's opinion. Plaintiff argues that the two limitations in the RFC relevant to concentration, persistence, and pace ("CPP") (the limitation to

simple, routine tasks and the addition of two extra breaks per workday) do not adequately account for his marked limitations in those areas. That argument would be persuasive if Dr. Scott had broadly opined that plaintiff had marked CPP difficulties. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (explaining when remand is necessary to determine whether a restriction to simple, routine tasks adequately accounts for *moderate* CPP difficulties); *see also Alva v. Colvin*, 2016 WL 6561452, *5 (C.D. Cal. Nov. 2, 2016) (remanding for express consideration of whether limitations in RFC reflected *marked* CPP difficulties); *Leon ex rel. Leon v. Astrue*, 2011 WL 1296082, *21 (N.D. Ga. Mar. 29, 2011) (same). But Dr. Scott did not issue an undifferentiated finding of marked CPP limitations. Rather, he assessed (1) *marked* difficulty understanding and remembering detailed instructions, carrying out detailed instructions, and maintaining attention and concentration for extended periods; and (2) *moderate* difficulty understanding and remembering simple instructions, carrying out simple instructions, and completing a normal workday and workweek while performing at a consistent pace. Those tiered findings are consistent with the ALJ's determination that plaintiff retains the ability to do a job involving only simple, routine tasks so long as he is afforded additional breaks.

Moreover, even if Dr. Scott's assessment is most appropriately characterized as a global finding of marked CPP difficulty, the ALJ adequately supported his decision to instead categorize plaintiff's CPP limitations as moderate. The ALJ expressly considered and rejected a finding of marked CPP difficulty. That decision rested on the ALJ's reasonable determination that plaintiff's abilities to draw daily, ride a motorcycle on long trips, and spend up to 45 minutes to prepare meals were inconsistent with a limitation that severe. Inconsistency with activities of daily living is a specific, legitimate reason to reject the opinion of an examining physician.[1]

---

[1] Specific, legitimate reasons is the appropriate legal standard because "the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and

Page 2 – OPINION AND ORDER

*Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citation omitted). True, the ALJ's explanation of why plaintiff's CPP limitations are moderate rather than marked is not contained in the paragraph addressing Dr. Scott's opinion; it is located in the section of the decision addressing step three of the five-step sequential evaluation. But a reviewing court may connect the dots in an ALJ's reasoning. *See Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("Even when an agency explains its decision with less than ideal clarity, [a reviewing court] must uphold it if the agency's path may reasonably be discerned." (internal quotation marks omitted)).

I have considered plaintiff's other arguments and find no error in Judge Clarke's reasoning. I therefore ADOPT Judge Clarke's F&R (doc. 14). The Commissioner's denial of Social Security benefits is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 21st day of September 2017.

_____
Ann Aiken
United States District Judge

---

legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). To the extent Dr. Scott assessed overall marked difficulties in maintaining concentration, persistence, or pace, that assessment conflicts with the conclusions of the agency reviewing physicians.

Page 3 – OPINION AND ORDER